UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROSITA BELOSO, AKA "ROSITA ORTEGA TORRES" & "FE ORTEGA TORRES", <br><br> Defendant. | No. 1:14-cv-7195 <br><br> District Judge Harry D. Leinenweber <br><br> Magistrate Judge Daniel G. Martin |

### JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT

The United States of America and Defendant Rosita Beloso, aka "Rosita Ortega Torres" and "Fe Ortega Torres" ("Beloso"), have resolved this matter in its entirety by executing a Settlement Agreement on December 19, 2014. Therefore, the United States and Beloso (collectively, the "Parties") jointly move this Court for entry of a Consent Judgment of denaturalization against Beloso consistent with the Parties' following terms agreed upon by the Parties:

As part of the resolution, the Parties agree that Beloso is subject to denaturalization on Counts I, II, III and IV of the Complaint. (*See* ECF No. 1 ¶¶ 46-93.) Specifically:

1.  Beloso assumed the identity of another individual, Fe Ortega Torres, and she knowingly and willfully made false statements about her identity on her Application for Immigrant Visa and Alien Registration, Optional Form 230, which she filed with the U.S. Department of State on June 2, 1992. Beloso's misrepresentations about her identity had the natural tendency to influence the Government's decision to approve her visa application and admit her to the United States as a lawful permanent resident. Thus,

1

Beloso's misrepresentations about her identity were material to her visa application and her admission to the United States as a lawful permanent resident. Because Beloso obtained her immigrant visa through fraud or willfully misrepresenting a material fact, she is and was inadmissible to the United States under 8 U.S.C. §§ 1182(a)(6)(C)(i). Because Beloso was inadmissible to the United States, she was not lawfully admitted in accordance with all applicable provisions of the Immigration and Nationality Act ("INA"), and was therefore not eligible to become a U.S. citizen when she naturalized. *See* 8 U.S.C. §§ 1427(a) & 1429.

2. Beloso never received an immigrant visa or became a lawful permanent resident using her own identity. As a result, and because of the conduct described in paragraph 1 above, Beloso lacked a valid immigrant visa. Therefore, Beloso is and was inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Because Beloso was inadmissible to the United States, she was not lawfully admitted in accordance with all applicable provisions of the INA. Thus, Beloso was not eligible to become a U.S. citizen when she naturalized. *See* 8 U.S.C. §§ 1427(a) & 1429.

3. On April 1, 1999, Beloso testified under oath at her naturalization interview that: (1) her name was Fe Ortega Torres; (2) her date of birth was XXXX, 1959 (the real Fe Ortega Torres's date of birth); and (3) she had never committed a crime for which she had not been arrested. These statements were false because her real name is Rosita Arasula Beloso, her real date of birth is XXXX, 1963, and she had knowingly committed visa fraud in violation of federal law and had not been arrested for that crime. Beloso gave this false testimony during the statutory period within which she was required to show good moral character. Beloso was thus statutorily barred from establishing good moral

character and was therefore not eligible to become a U.S. citizen when she naturalized. *See* 8 U.S.C. §§ 1101(f)(6) & 1427(a).

4. In addition to the false testimony she gave during her April 1, 1999 naturalization interview, Beloso provided false information and concealed her true identity on her written Application for Naturalization (Form N-400), which she filed with the Immigration and Naturalization Service ("INS")[1] on July 22, 1997. On her application, Beloso falsely: (1) identified her name as Fe Ortega Torres; (2) identified her date of birth as XXXX, 1959 (the real Fe Ortega Torres's date of birth); and (3) claimed that she had never knowingly committed any crime for which she had not been arrested (in response to paragraph 24, Part 7 Question 15a). Beloso willfully made these misrepresentations, knowing that they were false and misleading. These misrepresentations were material because they had the natural tendency to influence the INS's decision to approve Beloso's Form N-400 and grant her U.S. citizenship. Thus, Beloso procured her naturalization by willfully misrepresenting and concealing material facts.

Thus, the Parties agree that Beloso: (1) was ineligible to naturalize and therefore illegally procured her naturalization, and (2) procured her naturalization by willfully misrepresenting and concealing material facts. The Parties, therefore, agree that the Court should revoke her naturalization on these grounds, as provided for by 8 U.S.C. § 1451(a).

---

[1] On March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice and its functions moved to the Department of Homeland Security ("DHS"). Under DHS, U.S. Citizenship and Immigration Services assumed responsibility for the adjudication of naturalization applications. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 110 Stat. 2135 (Nov. 25, 2002). Because the facts underlying this case occurred before the creation of DHS, this Morion refers to the INS as appropriate.

The Parties consent to this Court's entry of a Consent Judgment that: (1) revokes Beloso's United States citizenship; (2) restrains and enjoins Beloso from claiming any rights, privileges, or advantages of United States citizenship; (3) orders Beloso, within ten days after entry of the Consent Judgment, to surrender and deliver her Certificate of Naturalization and any other indicia of United States citizenship (including any United States passport), as well as any copies thereof in her possession, and make good faith efforts to recover and then surrender any copies thereof that she knows are in the possession of others, to the undersigned counsel for the United States, Kirsten L. Daeubler, by hand or via overnight commercial carrier to 450 5th Street NW, Washington, DC 20001.

Beloso waives all rights to seek judicial review or otherwise contest the validity of the Consent Judgment of denaturalization, and Beloso waives any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412. Each party will bear its own costs and fees incurred in this action.

The Parties agree that this Court shall retain jurisdiction for the purpose of enforcement of their Settlement Agreement.

Accordingly, the Parties request that this Court enter Consent Judgment against Beloso consistent with the terms of this motion and of the proposed Consent Judgment, attached hereto.

Dated: December 30, 2014

Respectfully submitted,


JOYCE R. BRANDA
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

COLIN A. KISOR
Deputy Director

/s/ Kirsten L. Daeubler
KIRSTEN L. DAEUBLER
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-4458
Fax: (202) 305-7000
kirsten.daeubler@usdoj.gov

*Attorneys for Plaintiff*



/s/ Mary Carmel R. Madrid Crost
MARY CARMEN R. MADRID CROST
Madrid Crost Law Group
10 South La Salle St., Suite 3320
Chicago, IL 60603
Tel: (312) 857-0857
Fax: (312) 857-0858
mc@madridcrost.com
*As authorized on December 18, 2014*

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 30, 2014, I electronically filed the foregoing, in accordance with Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order on Electronic Case Filing, pursuant to the court's CM/ECF system, which will send a Notice of Electronic Filing to the following counsel:

MARY CARMEN R. MADRID CROST
Madrid Crost Law Group
10 South La Salle St., Suite 3320
Chicago, IL 60603
mc@madridcrost.com

*Attorney for Defendant*

                                            /s/ Kirsten L. Daeubler
                                            KIRSTEN L. DAEUBLER
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division
                                            Office of Immigration Litigation
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC  20044
                                            Tel: (202) 616-4458
                                            Fax: (202) 305-7000
                                            kirsten.daeubler@usdoj.gov